# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 28, 2010

No. 09-40612

Lyle W. Cayce
Clerk

DAVID RASHEED ALI,

Plaintiff - Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas

Before JOLLY and GARZA, Circuit Judges, and MILLER, District Judge.[*]

E. GRADY JOLLY:

This interlocutory appeal challenges the district court's order administratively closing the case pending the outcome of a similar case in a different district, and also denying all outstanding motions. We vacate the order and remand the case to the district court for further consideration and such proceedings as it deems appropriate.

---

[*] District Judge, Southern District of Texas, sitting by designation.

No. 09-40612

I.

David Rasheed Ali claims his Muslim faith requires him to wear a beard and a Kufi,[1] and he wants the Texas Department of Criminal Justice ("TDCJ") to allow him to do so. On March 27, 2009, he filed suit against TDCJ through its director under 42 U.S.C. § 1983, complaining its policies violate this claimed right under the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc-1. On the same day, he requested preliminary injunctive relief. The district court referred the case to a magistrate judge, who recommended *sua sponte* that the district court administratively close[2] the proceedings pending the outcome of a similar case in the Southern District of Texas, *Garner v. Morales*.[3] The cases appear materially identical, except that Garner seeks only a quarter-inch beard, whereas Ali says he must grow a "fist-length" beard. On June 4, the district court adopted the magistrate judge's report and recommendations, administratively closing the case until *Garner*'s resolution, including appeals, and denying "any and all" outstanding motions, among which was the motion for a preliminary injunction. The district court cited its concern for potentially inconsistent verdicts relating to the Texas prison system as justification for the stay. It is unclear, however, when *Garner* will be resolved, although the parties in *Garner* are to file dispositive motions by May 24, 2010. Ali timely appealed to this court, specifying the administrative closure and the denial of his motion for a preliminary injunction.

---

[1] A Kufi is a white cloth head covering.

[2] An administrative closure is a docket-management tool to maintain an accurate count of active cases. *CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 250 (5th Cir. 2006).

[3] Our court remanded the case to the district court on March 6, 2009. *Garner v. Morales*, No. 07-41015, 2009 WL 577755, at *6 (5th Cir. Mar. 6, 2009) (per curiam).

II.

We first consider our appellate jurisdiction. Generally, our court has jurisdiction to review only final judgments of the district courts. 28 U.S.C. § 1291. Exceptions to the rule are strictly construed to prevent piecemeal appeals. *Sherri A.D. v. Kirby*, 975 F.2d 193, 201 (5th Cir. 1992). One exception allows appeals of "[i]nterlocutory orders . . . refusing . . . injunctions, except where a direct review may be had in the Supreme Court." 28 U.S.C. § 1292(a)(1); *Sherri A.D.*, 975 F.2d at 202 (reviewing denial of a preliminary injunction under § 1292(a)(1)). "Orders which explicitly grant or deny injunctive relief are immediately appealable as of right; no additional finding of immediate, irreparable injury is required." *Sherri A.D.*, 975 F.2d at 203. In its June 4 order, the district court denied "any and all" outstanding motions, necessarily including the motion for a preliminary injunction. Although the order does not specifically reference the motion for a preliminary injunction, it clearly denies the motion. Thus, we have jurisdiction to consider the preliminary injunction's denial.

We also have jurisdiction to review the district court's administrative closure of the case. "[A]n order granting or refusing an injunction brings before the appellate court the entire order, not merely the propriety of injunctive relief, and the appellate court may decide the merits so long as concerned only with the order from which the appeal is taken." *Magnolia Marine Transport Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1580 (5th Cir. 1992) (quotations omitted). Our cases are inconsistent on the question whether additional issues presented in the same order must be "inextricably intertwined" for our court to consider them along with the issues that give rise to our jurisdiction. *Gates v. Cook*, 234 F.3d 221, 228 n.5 (5th Cir. 2000) (reviewing unrelated issue decided in an order that also granted injunction without requiring the issue to be inextricably intertwined); *Thornton v. Gen. Motors Corp.*, 136 F.3d 450, 453 (5th Cir. 1998) (per curiam) (reviewing a district-court action that would not be appealable on

No. 09-40612

its own upon finding that it was inextricably intertwined with another district-court action in the same order). We need not settle this inconsistency, as the preliminary injunction's denial and the case's administrative closure are inextricably intertwined insofar as the district court will have to reopen the case to reconsider the preliminary injunction. We address each issue in turn.

III.

When denying a motion for a preliminary injunction, a district court must offer findings of fact and conclusions of law to justify the denial. Fed. R. Civ. P. 52(a)(2). The district court did neither here. We hold that the district court erred in denying the motion for a preliminary injunction without findings of fact and conclusions of law and in its administrative closure of the case. We therefore remand the motion for preliminary injunction to the district court for further consideration and to provide reasons for its ruling. *See Chandler v. City of Dallas*, 958 F.2d 85, 90 (5th Cir. 1992) (per curiam).

Turning to the administrative closure, which is equivalent to a stay, *CitiFinancial Corp.*, 453 F.3d at 250, we hold the court abused its discretion by administratively closing the case by merely citing the pending outcome in *Garner* as dispositive. Although district courts have inherent authority to control their dockets, "only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Whether such a circumstance exists depends on a balance between the harm of moving forward and the harm of holding back. Here, the district court should consider the potential harm to Ali of a stay and weigh that with the considerations supporting a stay. We do not gainsay the consideration of contradictory rules applying to the Texas prison system, but that is only one element of the equation. For example, the court may find it reasonable to allow Ali to develop the factual basis of his claim, including especially his evidence

4

No. 09-40612

that the grooming regulations are not the least restrictive means to further the compelling interest asserted by the state.  The court may have the state at least give its reasons for the necessity of the rule and its reasons why a decision in *Garner* would serve to expedite rather than delay the resolution of Ali's claim or why judicial economy might thereby be served in a way reasonable to all concerned.  Furthermore, since the district court's administrative closure, our court decided *Gooden v. Crain*, 353 F. App'x 885 (5th Cir. 2009), which, although unpublished, the district court may find illuminating in how to best further handle this case.  In sum, the district court should move forward with the case so far as is practicable, and if it chooses to stay proceedings, it should do so in the light of the considerations set forth in *Landis* as they might apply to the circumstances of this case.

## IV.

For the foregoing reasons, the order of the district court is vacated and the case is remanded for further proceedings.

VACATED and REMANDED.

5