# United States Court of Appeals for the Federal Circuit

---

**MURATA MACHINERY USA, MURATA MACHINERY, LTD.,**
*Plaintiffs-Appellants*

**v.**

**DAIFUKU CO., LTD., DAIFUKU AMERICA CORP.,**
*Defendants-Appellees*

---

2015-2094

---

Appeal from the United States District Court for the District of Utah in No. 2:13-cv-00866-DAK-BCW, Senior Judge Dale A. Kimball.

---

Decided: August 1, 2016

---

DAVID HESKEL BEN-MEIR, Norton Rose Fulbright US LLP, Los Angeles, CA, argued for plaintiffs-appellants. Also represented by MARK EMERY, JONATHAN S. FRANKLIN, Washington, DC; MARK BETTILYON, Thorpe North & Western, Salt Lake City, UT.

JEFFREY K. SHERWOOD, Blank Rome LLP, Washington, DC, argued for defendants-appellees. Also represented by DIPU A. DOSHI, CHARLES J. MONTERIO, JR., MARK J. THRONSON, MEGAN R. WOOD.

---

Before REYNA, CHEN, and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge.*

This is an interlocutory appeal from a patent infringement lawsuit that Murata Machinery USA and Murata Machinery, Ltd. (collectively "Murata") filed against Daifuku Co., Ltd. and Daifuku America Corp. (collectively "Daifuku") in the United States District Court for the District of Utah. Daifuku petitioned for inter partes review of all of the asserted patents, and the district court then stayed the litigation. Murata moved to lift the stay and for entry of a preliminary injunction, but the district court denied the motions in a single order. We hold that the district court did not err in refusing to lift the stay, but that its cursory denial of the preliminary injunction did not satisfy Rule 52(a)(2) of the Federal Rules of Civil Procedure, which requires that a court state findings and conclusions supporting denial of a preliminary injunction. Thus, we affirm the district court's order as it pertains to the stay, but vacate the order with respect to the preliminary injunction and remand for proceedings consistent with this opinion.

## BACKGROUND

Murata and Daifuku are direct competitors in the manufacture and maintenance of automated material handling systems ("AMHS"). AMHS use robotic vehicles suspended on tracks from the ceilings of semiconductor cleanrooms to move and manipulate semiconductor components. In September 2013, Murata sued Daifuku in the United States District Court for the District of Utah alleging infringement of three of its patents: U.S. Patent Nos. 7,165,927, 7,771,153, and 8,197,172 (collectively, the "Original Patents"). One year later, in September 2014, Murata moved to amend its complaint to further assert U.S. Patent Nos. 6,113,341 and 6,183,184 (collectively, the "Additional Patents"). Shortly thereafter, Daifuku peti-

tioned the Patent Trial and Appeals Board of the Patent and Trademark Office for inter partes review ("IPR") of the Original Patents and concurrently moved to stay the district court litigation pending the outcome of the IPR proceedings.   Daifuku relied on the traditional three-factor test district courts use in stay determinations: (1) stage of the proceedings; (2) potential for the stay to simplify issues in case; and (3) undue prejudice to the non-moving party or a clear tactical advantage for the moving party resulting from stay.   Murata responded, opposing the stay and advocating that the district court consider a fourth factor in addition to the three Daifuku had briefed: potential for a stay to reduce the burden of litigation on the parties and the court.

On February 12, 2015, the district court, relying on the four-factor test advocated by Murata, stayed the case pending the Board's resolution of Daifuku's IPR petitions. The court's order also granted leave for Murata to amend its complaint to add the Additional Patents, but made clear that it was staying the entire case, including any proceedings involving the Additional Patents if Murata chose to add them.  The district court justified staying the entire case based on Murata's assertion in its motion to amend that litigating the Original and Additional Patents piecemeal would make little sense due to a significant overlap in discovery.  The district court also stated, however, that Murata could file a motion to lift the stay regarding the Additional Patents if a legitimate reason for doing so materialized.

Murata amended its complaint on February 19, 2015, to include the Additional Patents.  After the Board instituted an IPR proceeding on each of the Original Patents, on May 28, 2015, Murata moved to lift the stay only with regard to the Additional Patents, this time relying on the three-factor test Daifuku had first introduced and without mentioning the additional "burden of litigation" factor it advocated when it opposed issuance of the stay.  Amidst

motions practice regarding lifting the stay, Daifuku filed IPR petitions on the Additional Patents.[1]  Before the district court decided Murata's pending motion to lift the stay, Murata moved for a preliminary injunction against Daifuku based on purported infringement of the Additional Patents.

The district court denied Murata's motion to lift the stay, relying on the same four-factor test it applied when it issued the stay and finding that every factor that weighed in favor of granting the stay continued to do so. The district court again cited Murata's earlier argument, made in its motion for leave to amend the complaint to include the Additional Patents, that litigating the Original Patents and Additional Patents separately would make "no sense." *Murata Mach. USA, Inc. v. Daifuku Co.* (*Dist. Ct. Order*), No. 2:13-cv-00866, 2015 WL 5178456, at *1 (D. Utah Sept. 4, 2015).  The court reasoned that lifting the stay for only the Additional Patents might cause duplicative discovery and mentioned that, indeed, the Additional Patents now faced potential IPR proceedings. Thus, the district court denied Murata's motion to lift the stay.  The court then held that Murata untimely filed its motion for preliminary injunction and concluded that "[b]ecause the court has now declined to lift the stay, the Motion for Preliminary Injunction is denied without

---

[1]    We take notice that the Board instituted IPR proceedings for the Additional Patents after the parties completed briefing in this appeal.  *See Daifuku Co. v. Murata Mach., Ltd.*, IPR2015–01538, Paper No. 11 (P.T.A.B. January 19, 2016); *Daifuku Co. v. Murata Mach., Ltd.*, IPR2015–01539, Paper No. 11 (P.T.A.B. Jan. 19, 2016); Oral Argument at 6:45–8:31, *available at* http://oralarguments.cafc.uscourts.gov/default.aspx?fl= 2015-2094.mp3.

prejudice to renew at a later date, if appropriate." *Id.* at *2.

Murata appeals the district court's refusal to lift the stay and its denial of the preliminary injunction.

## DISCUSSION

"It is axiomatic that the initial inquiry in any appeal is whether the court to which appeal is taken has jurisdiction to hear the appeal." *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, 759 F.3d 1333, 1336 (Fed. Cir. 2014) (internal citation omitted) (quoting *Woodard v. Sage Prods., Inc.*, 818 F.2d 841, 844 (Fed. Cir. 1987) (en banc)). We first recognize that we have jurisdiction to review an interlocutory order denying a preliminary injunction in a patent infringement lawsuit under 28 U.S.C. § 1292(a)(1) & (c)(1). "[I]f the trial court's stay order had the practical effect of denying [appellant]'s motion for a preliminary injunction," we have interlocutory jurisdiction. *Procter & Gamble Co. v. Kraft Foods Glob., Inc.*, 549 F.3d 842, 846 (Fed. Cir. 2008).

We typically do not have interlocutory jurisdiction over a district court's decision to stay or not stay a case. *See Intellectual Ventures II LLC v. JPMorgan Chase & Co.*, 781 F.3d 1372, 1375 (Fed. Cir. 2015) (explaining that "decisions on motions to stay ordinarily are not immediately appealable under the final judgment rule" (citing *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277–78 (1988))). During interlocutory review, however, certain "orders, which ordinarily would be nonappealable standing alone, may be reviewed" under the doctrine of pendent jurisdiction, at the court's discretion. *Procter & Gamble*, 549 F.3d at 846 (quoting *Intermedics Infusaid, Inc. v. Regents of Univ. of Minn.*, 804 F.2d 129, 134 (Fed. Cir. 1986)). Considering that the district court in this case maintained the stay and denied the preliminary injunction concurrently in a single order, those decisions are inextricably linked and we exercise

our discretion to consider the district court's stay decision along with its denial of a preliminary injunction. *See id.* ("Because we have jurisdiction to review the effective denial of [appellant]'s motion for a preliminary injunction, we also have jurisdiction over the trial court's decision to stay this case pending . . . proceedings before the PTO."); *Intermedics Infusaid, Inc.*, 804 F.2d at 134 ("Whether an appellate court exercises this 'doctrine of pendent jurisdiction at the appellate level' is a matter of discretion.").

## I. *Motion to Lift Stay*

We first consider the district court's denial of Murata's motion to lift the stay with regard to the Additional Patents. We hold that the district court did not err in refusing to lift the stay entered in this case.

The ability to stay cases is an exercise of a court's inherent power to manage its own docket. *See Procter & Gamble*, 549 F.3d at 848–49 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). Thus, we review the district court's refusal to lift a stay pending IPR for an abuse of discretion. *See id.* at 845.

A court may lift a stay if the circumstances supporting the stay have changed such that the stay is no longer appropriate. *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002). District courts typically analyze stays under a three-factor test: "(i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set." *Nokia Corp. v. Apple Inc.*, No. C.A. 09-791, 2011 WL 2160904, at *1 (D. Del. June 1, 2011) (quoting *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)). Murata's principal argument is that the district court should have relied on this three-factor test and that it abused its discretion by considering an additional, fourth factor—the burden of litigation on

the court and the parties—that Murata itself urged the court to adopt earlier in the case. In support of its position, Murata points out that Congress has specifically required district courts to apply the four-factor variant of the test—i.e., to include the "burden of litigation" factor as part of their analysis—for stay requests pending covered business method ("CBM") review by the Board. *See* America Invents Act ("AIA"), Pub. L. No. 112-29, § 18(b)(1), 125 Stat. 284, 331 (2011). Congress did not likewise prescribe a set of factors that district courts must consider when they decide whether to stay a case pending IPR. The inference Murata would have us draw is that the "burden of litigation" factor is "applicable solely to stays pending CBM review . . . ." Appellant Br. 48. Put another way, Murata argues that the CBM statute imputes a negative restriction on district courts, prohibiting them from considering the burden of litigation unless Congress has explicitly required that they do so. Thus, Murata argues it was legal error for the district court to have considered the burden of litigation in this case as the stay centered around IPRs rather than CBM reviews.

We disagree. Besides the fact that it was Murata that first advocated that the court consider the "burden of litigation" factor, we nonetheless hold that consideration of this factor is well within the district court's discretion. "The Supreme Court has long recognized that district courts have broad discretion to manage their dockets, including the power to grant a stay of proceedings." *Procter & Gamble*, 549 F.3d at 848–49 (citing *Landis*, 299 U.S. at 254–55); *see also Gould v. Control Laser Corp.,* 705 F.2d 1340, 1341 (Fed. Cir. 1983). Indeed, we have noted that with respect to a similar PTO post-grant proceeding, reexamination, the authorizing statute need not even grant district courts the power to stay related proceedings because "'such power already resides with the Court'[,] . . . including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d

1422, 1426–27 (Fed. Cir. 1988) (quoting 1980 U.S. Code Cong. & Admin. News at 6463).

Attendant to the district court's inherent power to stay proceedings is the court's discretionary prerogative to balance considerations beyond those captured by the three-factor stay test. The burden litigation places on the court and the parties when IPR proceedings loom is one such consideration that district courts may rightfully choose to weigh. *See, e.g.*, *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058, 2015 WL 1069111, at \*5 (E.D. Tex. Mar. 11, 2015) (Bryson, J.) (noting that "whether a stay will reduce the burden of litigation on the parties and the court [] is a consideration that courts often take[] into account in determining whether to grant a stay pending inter partes review"). The AIA § 18(b)(1) requirement that district courts must consider the burden of litigation when faced with a CBM stay request does not bar courts from choosing to consider it in the IPR context. Indeed, legislative history confirms that "Congress's desire to enhance the role of the PTO and limit the burden of litigation on courts and parties was not limited to the CBM review context." *Id.* (citing AIA legislative history). As such, district courts might consider this factor relevant and therefore do not abuse their discretion by weighing it as part of an IPR-based stay determination.

We have considered Murata's remaining arguments that the district court abused its discretion in analyzing the traditional three factors and find them unpersuasive. Having determined that the district court did not abuse its discretion in its overall analysis or by considering the burden of litigation, we do not disturb the district court's decision not to lift the stay with respect to the Additional Patents.

## II. *Motion for Preliminary Injunction*

After denying Murata's motion to lift the stay, the district court found Murata's preliminary injunction

motion untimely and concluded that, "[b]ecause the court has now declined to lift the stay, the Motion for Preliminary Injunction is denied without prejudice to renew at a later date, if appropriate." *Dist. Ct. Order*, 2015 WL 5178456, at \*2. The district court included no additional discussion or rationale supporting its denial of Murata's motion. Murata argues that the district court erred by summarily denying its motion for preliminary injunction. We agree, for the reasons stated below.

In general, we review a grant or denial of a preliminary injunction using the law of the regional circuit, here the Tenth Circuit. *Trebro Mfg., Inc. v. Firefly Equip., LLC*, 748 F.3d 1159, 1165 (Fed. Cir. 2014). "However, the Federal Circuit has itself built a body of precedent applying the general preliminary injunction considerations to a large number of factually variant patent cases, and gives dominant effect to Federal Circuit precedent insofar as it reflects considerations specific to patent issues." *Id.* (quoting *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 894 (Fed. Cir. 1998) (internal quotation marks and alterations omitted)). Both the Tenth Circuit and the Federal Circuit review the denial of a preliminary injunction motion for an abuse of discretion. *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010); *see also Procter & Gamble*, 549 F.3d at 845. "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1748 n.2 (2014) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)).

A preliminary injunction is a "drastic and extraordinary remedy" which, to obtain, a "moving party must demonstrate a reasonable likelihood of success on the merits, irreparable harm in the absence of a preliminary injunction, a balance of hardships tipping in its favor, and the injunction's favorable impact on the public interest."

*Nat'l Steel Car, Ltd. v. Canadian Pac. Ry.*, 357 F.3d 1319, 1324–25 (Fed. Cir. 2004) (internal citations omitted). Rule 52(a)(2) of the Federal Rules of Civil Procedure specifically requires that "[i]n granting or refusing an interlocutory injunction, the court must . . . state the findings and conclusions that support its action." This rule reflects the exigency and gravity underlying a motion for preliminary injunction, as it departs from Federal Rule of Civil Procedure 52(a)(3)'s more general rule that "[t]he court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion." We take particular note, as have our sister circuits, that the text of Rule 52 is drawn not only to a district court's grant of a preliminary injunction motion, but also to a denial. *See, e.g.*, *Ali v. Quarterman*, 607 F.3d 1046, 1048 (5th Cir. 2010) ("When *denying* a motion for a preliminary injunction, a district court must offer findings of fact and conclusions of law to justify the denial" under Federal Rule of Civil Procedure 52(a)(2). (emphasis added) (citing Fed. R. Civ. P. 52(a)(2))).

Here, the sum and substance of the district court's decision regarding Murata's preliminary injunction motion is found in a single paragraph, which concluded: "Because the court has now declined to lift the stay, the Motion for Preliminary Injunction is denied without prejudice to renew at a later date, if appropriate." *Dist. Ct. Order*, 2015 WL 5178456, at *2. This cursory treatment of Murata's preliminary injunction motion does not satisfy the Rule 52(a)(2) requirement that the deciding court must state factual findings and legal conclusions supporting its action. *See Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1246 (10th Cir. 2001) (citing *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 15 F.3d 1222, 1228 (1st Cir. 1994)) (explaining that "conclusory findings are not sufficient compliance" with Federal Rule of Civil Procedure 52(a)(2)). While "[t]here are

times . . . when a district court's failure to comply with Rule 52(a) will not necessitate a remand for clarification," if, for example, it can be "ascertain[ed] from the record that one party or the other was clearly entitled to judgment in its favor," this is not one of those instances. *Id.* Daifuku argues that the district court effectively considered the merits of Murata's preliminary injunction motion when it concluded that a stay would not unduly prejudice Murata. *See* Oral Argument at 31:29–35:41. But the district court did not state as much in its opinion; nor did it suggest that this was its reasoning. In the absence of any analysis whatsoever, we cannot review the opinion for an abuse of discretion. *See, e.g.*, *H & R Block Tax Servs. LLC v. Acevedo-Lopez*, 742 F.3d 1074, 1076 (8th Cir. 2014) (vacating and remanding order denying preliminary injunction because "the district court's failure to make specific findings and explain its ruling, as Fed. R. Civ. P. 52(a)(2) requires, results in a record that does not sufficiently inform this court of the basis for the trial court's decision on the material issue" (internal citation and quotation marks omitted)).

We hold that when a district court denies a preliminary injunction motion, it must provide an adequate reason for its decision beyond merely noting that the case has been stayed. In so holding, we maintain our view that "[a] preliminary injunction should not be granted if there is a substantial issue of patent validity." *Procter & Gamble*, 549 F.3d at 849. Likewise, we recognize that "both a preliminary injunction and a stay ordinarily should not be granted at the same time." *Id.* We do not ask, nor do the Federal Rules of Civil Procedure require, that the district court conduct a preliminary injunction hearing, or even request a responsive brief from Daifuku. *See Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1175 (3d Cir. 1990) (explaining that "[t]he applicable Federal Rule does not make a hearing a prerequisite for ruling on a preliminary injunction."). Indeed, a "limited

analysis may support a trial court's denial of a preliminary injunction" so long as the district court concludes that some of the requisite preliminary injunction factors disfavor the movant. *Polymer Techs., Inc. v. Bridwell*, 103 F.3d 970, 973–74 (Fed. Cir. 1996); *see also Prairie Band*, 253 F.3d at 1246 (explaining that "Rule 52(a) does not require over-elaboration of detail or particularization of facts" so long as the findings are not "conclusory" (internal citation and quotation marks omitted)). We simply ask that the district court explain its views on why a preliminary injunction would or would not be appropriate in this case. *Bradley*, 910 F.2d at 1178 (explaining that for preliminary injunctions, "conclusions of law are . . . essential" under Federal Rule of Civil Procedure 52(a)(2) and that even when there has been no hearing held, "the factual bases on which the conclusions are predicated . . . serve to permit evaluation of the legal conclusions reached by the district court"). Thus, we vacate the district court's order to the extent it denies Murata's motion for a preliminary injunction and we remand for further proceedings consistent with this opinion. *See id.* at 1179 ("Because of the court's failure to comply with Rule 52, we are unable to determine why the district court rejected a preliminary injunction on this aspect of [movant's] claim. It follows that we must return this matter to the district court which should have the opportunity to make the requisite findings and conclusions."); *see also H & R Block*, 742 F.3d at 1078; *Ali*, 607 F.3d at 1048.

## CONCLUSION

For the foregoing reasons, we affirm the district court's denial of Murata's motion to lift the stay, vacate the district court's denial of Murata's motion for a preliminary injunction, and remand for the court to address the motion in light of this opinion.

## AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED

COSTS

No costs.