**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4260
_____

PATRICK E. THOMSON,
                              Appellant
v.

LUKE DRUMMOND, In his individual and professional capacity;
JOHN/JANE DOE 1-50,
In their individual and professional capacities;
THE NEW JERSEY STATE PAROLE BOARD
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. No. 2-16-cv-08847)
District Judge: Hon. Susan D. Wigenton
_____

Submitted under Third Circuit L.A.R. 34.1(a)
October 10, 2017
_____

Before: HARDIMAN, SHWARTZ, and ROTH, Circuit Judges.

(Filed: November 15, 2017)

_____

OPINION[*]
_____

SHWARTZ, Circuit Judge.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Patrick Thomson appeals the District Court's order denying his motion for a preliminary injunction. Because the District Court failed to sufficiently articulate the "findings and conclusions that support[ed] its" denial of the motion, as required by Federal Rule of Civil Procedure 52(a)(2), we will vacate and remand the matter for the District Court to provide a more fulsome explanation for its ruling.

I[1]

Thomson was convicted of second degree sexual assault in violation of N.J. Stat. Ann. 2C:14-2(c)(4). He is currently on parole. Thomson's attorney, William Strazza, Esq., has attended Thomson's parole meetings, but he was not permitted to attend the October 19, 2016, and November 7, 2016 meetings. Strazza instructed Thomson to respond to all questions he was asked at these meetings by asserting his Fifth Amendment privilege, which he did. Thomson's parole officers warned him that if he continued to assert his Fifth Amendment rights and not answer questions, he would be arrested and charged with violating the terms of his parole.

Thomson brought this action against Luke Drummond, a New Jersey State Parole Board ("NJSPB") officer, other similarly situated parole officers, and the NJSPB (collectively, "Defendants") for violations of 42 U.S.C. §§ 1983 and 12132 seeking: (1) a declaration proclaiming Thomson's rights under the Fifth and Sixth Amendments; (2) an injunction restraining NJSPB employees from violating Thomson's Fifth Amendment rights by denying Thomson the right to counsel during his interaction with individuals at

---

[1] These facts are taken from Thomson's verified complaint.

the NJSPB; and (3) an injunction restraining Defendants from having any interaction with Thomson, or from posing any questions to him, unless his counsel is present. On the same day that he filed his Complaint, Thomson filed a motion for a preliminary injunction: (1) "prohibit[ing] Defendants from filing any criminal charge against [Thomson] for . . . his assertion of his constitutional rights under the Fifth and Sixth Amendments," (2) "prohibit[ing] Defendant[s] from barring [Thomson's] counsel from meetings between [Thomson] and any member or employee of the NJSPB"; and (3) "prohibit[ing] Defendants from questioning [Thomson] outside the presence of [his] designated counsel." App. 56. Two days later, the District Court denied Thomson's request for a preliminary injunction and wrote the following reasons on Thomson's proposed order:

> This Court has no jurisdiction over the purported claims in addition to immunity which attaches to both Defendant/Parole Officer and the N.J. Parole Board.

App. 3. The District Court elaborated on its reasoning for denying the preliminary injunction in a letter order denying Thomson's motion to stay proceedings pending the outcome of this appeal:

> On December 1, 2016, this Court denied Plaintiff's request for a preliminary injunction because Plaintiff had not satisfied his burden of showing a likelihood of success, irreparable harm, lack of harm to others, and that the public interest favors such relief. Specifically, Plaintiff's submissions failed to establish this Court's jurisdiction over his claims in light of the doctrines of ripeness, qualified immunity, and immunity under the Eleventh Amendment. Consequently, Plaintiff failed to establish a likelihood of success on the merits.

3

Letter Order at 2, <u>Thomson v. Drummond</u>, No. 16-cv-08847-SDW-LDW (D.N.J. Jan. 12, 2017), E.C.F. No. 8 (internal citation omitted).[2]  Thomson appeals only the order denying his motion for a preliminary injunction.

## II

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and we have jurisdiction pursuant to 28 U.S.C. § 1292.  The decision to grant or deny a preliminary injunction is within the sound discretion of the district court and we review that decision for abuse of discretion.[3]  <u>Winter v. Nat. Res. Def. Council, Inc.</u>, 555 U.S. 7, 24, 33 (2008); <u>K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.</u>, 710 F.3d 99, 105 (3d Cir. 2013).

Because a preliminary injunction is "an extraordinary remedy" that "should be granted only in limited circumstances," [4] <u>Kos Pharm., Inc. v. Andrx Corp.</u>, 369 F.3d 700, 708 (3d Cir. 2004) (internal quotation marks omitted), trial courts are required to explicitly state the reasons for their rulings on requests for preliminary injunctions, <u>see</u> Fed R. Civ. P. 52(a)(2); <u>Murata Mach. USA v. Daifuku Co.</u>, 830 F.3d 1357, 1363 (Fed.

---

[2] This order is not on appeal.  We have, however, considered it in an effort to gain a better understanding of the District Court's reasons for denying Thomson's motion for a preliminary injunction.

[3] We review a district court's factual findings for clear error and its legal conclusions de novo.  <u>McNeil Nutritionals, LLC v. Heartland Sweeteners, LLC</u>, 511 F.3d 350, 357 (3d Cir. 2007).

[4] A movant seeking a preliminary injunction must establish: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of an injunction; (3) that the balance of equities tips in his favor; and (4) that an injunction is not against the public interest.  <u>See</u> <u>Winter</u>, 555 U.S. at 20; <u>Reilly v. City of Harrisburg</u>, 858 F.3d 173, 179 (3d Cir. 2007) (instructing a court to balance all four factors only after the movant demonstrates the first two).

Cir. 2016) (noting that Rule 52(a)(2) "reflects the exigency and gravity underlying a motion for preliminary injunction, as it departs from Federal Rule of Civil Procedure 52(a)(3)'s more general rule that '[t]he court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion'"). Rule 52(a)(2) specifically provides that when "granting or refusing an interlocutory injunction, the court must . . . state the findings and conclusions that support its action." Fed. R. Civ. P. 52(a)(2); see Feldman v. Ariz. Sec'y of State's Office, 843 F.3d 366, 375 (9th Cir. 2016) (concluding that a district court must state "the findings of fact that . . . support denial of an interlocutory injunction") (internal quotation marks omitted).

The District Court's opinion contains no factual findings and sets forth two legal conclusions. App. 3. These conclusions—that the District Court lacked jurisdiction and that the Defendants are immune from suit—are presented without explanation. Because these terms cover many legal concepts, we are unable to determine how they apply in this case and thus we cannot confirm that their invocation was the product of a sound exercise of discretion. See Gunter v. Ridgewood Energy Corp., 223 F.3d 190, 196 (3d Cir. 2000) ("[I]t is incumbent upon a district court to make its reasoning and application . . . clear, so that we, as a reviewing court, have a sufficient basis to review for abuse of discretion.")

We can only surmise based on the District Court's separate order denying Thomson's motion to stay the proceedings that the reference to "jurisdiction" was to the existence of an Article III case or controversy and the justiciability doctrine of ripeness. See Letter Order at 2, Thomson v. Drummond, No. 16-cv-08847-SDW-LDW (D.N.J.

5

Jan. 12, 2017), E.C.F. No. 8 ("Plaintiff's submissions failed to establish this Court's jurisdiction over his claims in light of the doctrines of ripeness . . . ."). We are unsure, however, whether the District Court intended for its observation about ripeness to apply to the request to enjoin any prosecution based on Thomson's Fifth Amendment privilege,[5] the request to enjoin NJSPB officers from questioning Thomson without counsel which the verified pleading suggests has occurred, or both.

The District Court's reference to immunity in its order denying injunctive relief is also vague. Without consideration of its later order, we would be left to guess whether the District Court was relying on Eleventh Amendment immunity, which the case law shows does not immunize state actors from claims for injunctive relief, Koslow v. Pennsylvania, 302 F.3d 161, 168 (3d Cir. 2002); qualified immunity, which is an affirmative defense a defendant may invoke based upon his objectively reasonable belief that his actions were lawful based on the established law and facts known to him, Gomez v. Toledo, 446 U.S. 635, 640-41 (1980), and a conclusion by the District Court that the affirmative defense was "apparent on the face of the complaint," Ball v. Famiglio, 726 F.3d 448, 459 n.16 (3d Cir. 2013); or another immunity doctrine. More specific identification of the facts and specific legal doctrines relied upon will enable us to understand how the District Court exercised its discretion.

---

[5] The verified pleading did not show that a threat of criminal enforcement was substantial, see Susan B. Anthony List v. Driehaus, 134 S.Ct. 2334, 2345 (2014) (concluding that a threatened prosecution can create a ripe controversy that is "sufficient to justify pre-enforcement review" where the threat of enforcement is substantial, such as where there is a history of past enforcement).

Therefore, we will vacate and remand the District Court's order denying Thomson's motion for a preliminary injunction so that the District Court may provide a more fulsome explanation for its ruling as required by Rule 52(a).

III

For the foregoing reasons, we will vacate and remand.