NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**CHRIMAR SYSTEMS, INC., DBA CMS TECHNOLOGIES, INC., CHRIMAR HOLDING COMPANY, LLC,**
*Plaintiffs-Appellees*

**v.**

**ALE USA INC., FKA ALCATEL-LUCENT ENTERPRISE USA, INC.,**
*Defendant-Appellant*

———————————

2018-2420

———————————

Appeal from the United States District Court for the Eastern District of Texas in No. 6:15-cv-00163-JDL, Magistrate Judge John D. Love.

———————————

Decided: September 19, 2019

———————————

JUSTIN SCOTT COHEN, Thompson & Knight LLP, Dallas, TX, argued for plaintiffs-appellees. Also represented by JAMES MICHAEL HEINLEN, RICHARD L. WYNNE, JR.

LEISA TALBERT PESCHEL, Jackson Walker LLP, Houston, TX, argued for defendant-appellant. Also represented by CHRISTOPHER NEEDHAM CRAVEY.

———————

Before TARANTO, CLEVENGER, and HUGHES, *Circuit Judges.*

TARANTO, *Circuit Judge*.

Chrimar Systems, Inc., owns four related patents, U.S. Patent Nos. 8,155,012, 8,942,107, 8,902,760, and 9,019,838, that address the identification and tracking of electronic equipment over an Ethernet network. In 2015, Chrimar sued ALE USA Inc., alleging infringement of those patents. After claim construction, ALE stipulated to infringement of the asserted claims of all four patents but pressed several defenses and counterclaims. A jury trial returned a verdict in favor of Chrimar, and the district court entered a judgment awarding Chrimar damages and post-verdict ongoing royalties.

ALE appealed to this court. We affirmed on all issues presented to us except for the construction of a claim term in the '012 patent, which we reversed, and we remanded for further proceedings. *Chrimar Holding Co., LLC v. ALE USA Inc.*, 732 F. App'x 876 (Fed. Cir. 2018). We noted in our opinion (as amended on June 1, 2018) that the Patent Trial and Appeal Board of the Patent and Trademark Office had recently issued final written decisions deeming unpatentable all the claims at issue in this case, but we did not address any issue that those decisions might raise. *Id.* at 881 n.2.

On remand, both parties filed motions with the district court in July 2018. ALE sought certain relief based on the Board's unpatentability decisions—which Chrimar was in the process of appealing to this court. As relevant here, ALE moved variously for a stay of the ongoing royalties, for a stay of the proceedings as a whole, and for relief from the judgment under Federal Rule of Civil Procedure 60(b)(5). Chrimar, for its part, moved to dismiss the count of its complaint that alleged infringement of the '012 patent (which

Chrimar had narrowed to claim 31 and possibly also claims 35, 43, and 60), and it provided ALE a covenant not to sue ALE on that patent. ALE opposed Chrimar's motion on the ground that ALE had an unadjudicated, live counterclaim for noninfringement of the '012 patent because the covenant did not extend to ALE's customers and distributors.

In August 2018, the district court ruled as follows on the motions presented. It dismissed Chrimar's '012-infringement count, and it ruled that ALE no longer had any counterclaim left, which, in any event, was mooted by the covenant not to sue and could not be considered in light of this court's mandate. And the court concluded that, with the '012 patent out of the case, there was nothing left in the case to stay, which, in any event, could not be done in light of this court's mandate. The court's amended final judgment included the continuing order to pay ongoing royalties, but only on the three remaining patents (having expiration dates in April 2019), not the '012 patent (having an expiration date in March 2020). We were informed at oral argument that, pursuant to the parties' agreement, ALE has not paid any money under the judgment—neither damages nor ongoing royalties nor any other amount.

ALE timely appealed to this court. In May 2019, after briefing was complete, Chrimar moved to terminate the appeal. It attached to the motion (a) a formal disclaimer of claims 31, 35, 43, and 60 of the '012 patent, dated May 12, 2019, and filed in the PTO under 35 U.S.C. § 253, and (b) a new declaration from Chrimar's president, dated May 14, 2019, that now included ALE's suppliers, customers, and distributors within the covenant not to sue for infringement of the '012 patent.

Meanwhile, Chrimar's appeals of the Board's decisions proceeded. We heard those appeals the same day as we heard ALE's appeal in this case. In a separate order issued today, we have affirmed the Board's determination of unpatentability of all the claims of the '012, '107, '838, and

'760 patents relevant to this case. *Chrimar Systems, Inc. v. Juniper Networks, Inc.*, Nos. 2018-1499, 2018-1500, 2018-1503, 2018-1984 (Fed. Cir. Sept. 19, 2019).

Our affirmance of the Board's decisions of unpatentability of the patent claims at issue in the present case has "an immediate issue-preclusive effect on any pending or copending actions involving the patent[s]." *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1294 (Fed. Cir. 2018). This is such a case under *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330 (Fed. Cir. 2013), and related cases. It does not involve the special circumstance of a "fully satisfied and unappealable final judgment" like the one in *WesternGeco L.L.C. v. ION Geophysical Corp.*, 913 F.3d 1067, 1072 (Fed. Cir. 2019).

A case is "pending," *XY, LLC*, 890 F.3d at 1294, when it is not yet final in the sense that "the litigation [is] entirely concluded so that [the] cause of action [against the infringer] was merged into a final judgment . . . one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment," *Fresenius*, 721 F.3d at 1341. Such finality generally does not exist when a direct appeal is still pending. *Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1579–80 (Fed. Cir. 1994) (invalidity judgment may be raised "at any stage of the affected proceedings"); *id.* at 1583–84; *see WesternGeco*, 913 F.3d at 1070–72; *Dow Chemical Co. v. Nova Chemicals Corp. (Canada)*, 803 F.3d 620, 628 (Fed. Cir. 2015); *ePlus, Inc. v. Lawson Software, Inc.*, 789 F.3d 1349, 1358 (Fed. Cir. 2015); *Fresenius*, 721 F.3d at 1344, 1347.

A case is generally to be considered as a whole in judging its pendency. In *John Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82 (1922), the patent claims had been held invalid in a completed appeal and the case had been remanded only for proceedings on a separate, state-law claim. While the state-law proceedings were pending, the Supreme

Court held the patent claims valid in another case. The Court then ruled that this new holding had to be applied to the first case, reviving the patent claims. *Id.* at 88–91. *Simmons* involved applying a decision that upheld validity to revive a patent claim that had been adjudicated invalid in another, still-pending case. But its understanding of the finality principle applies as well in the more familiar situation presented in this case and in the line of authorities cited above, where the issue is application of a holding of invalidity (unpatentability) to patent claims that had been upheld in another, still-pending case.

This case is still pending. And we cannot say that its pendency rests on the assertion of only insubstantial arguments. We therefore have no occasion to address questions that might arise about application of the *Fresenius*/*Simmons* preclusion principle to a case that has been kept alive only on insubstantial grounds.

ALE asked the district court to modify the ongoing royalty portion of the judgment, at least by staying the running of the obligation. A district court has authority and discretion to modify continuing relief when circumstances change. *See System Federation No. 91, Ry. Employees' Dept., AFL-CIO v. Wright*, 364 U.S. 642, 646–67 (1961); *ePlus*, 789 F.3d at 1355 ("[A] continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need.") (quoting *United States v. Swift & Co.*, 286 U.S. 106, 114–15 (1932)). We have not been shown any authority declaring that, if asked, a district court may not or should not at least consider staying ongoing royalties in light of new Board unpatentability decisions like the ones at issue here. ALE could reasonably request this relief.

For similar reasons, ALE also could reasonably request a stay of the case in light of the Board's decisions. As a general matter, a district court has a range of discretion

about whether to stay a case before it in light of other proceedings that might simplify resolution of the case. *See, e.g.*, *Murata Machinery USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016); *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936) (holding that a decision to stay proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance"). ALE does not contend that the Board's decisions themselves have preclusive effect before judicial review has occurred or the time for judicial review has run without a request for judicial review. But it does contend that, even before that time, the Board's decisions should at least be considered in an equitable determination whether to stay the case—presumably along with other considerations, such as the stage of the case and ALE's own choices about where to challenge the patent claims at issue. Without addressing the ultimate merits of that contention, we conclude that, at least under present case law, there is nothing insubstantial about ALE's argument for a stay of the case.

The district court denied the relief requested. It did not, for example, terminate the royalties and leave Chrimar to recover damages for the period at issue through a follow-on lawsuit if the patent claims survived judicial review. ALE was reasonable in appealing the district court's denial of relief. It had a substantial argument that the district court did not exercise available discretion because, in denying the requested stay, it did not recognize that it had discretion. In these circumstances, we do not decide whether ALE would have had a reasonable basis to appeal had the district court recognized its discretion and exercised it upon consideration of relevant circumstances and policies.

In addition, ALE had a substantial argument to the district court that it still had a counterclaim for noninfringement of the '012 patent even if Chrimar's affirmative count asserting infringement of that patent was to be

dismissed. The procedural history presented to us provides a substantial basis for ALE's contention that it had not dropped or forfeited its counterclaim, and the limited record presented to us provides a substantial basis for uncertainty about whether no case or controversy remained in light of the covenant not to sue that Chrimar gave to ALE in the district court. Without declaring ALE's contention meritorious, we think that ALE could reasonably press those contentions both in the district court and on appeal. We note that only after the briefing was complete on appeal did Chrimar take additional steps—filing a statutory disclaimer and a broader covenant not to sue—to strengthen its argument that there was no longer a case or controversy over infringement of the '012 patent.

Finally, in all of the foregoing respects, we see nothing insubstantial about ALE's contention that our 2018 mandate did not foreclose the district court's consideration of the arguments ALE made. The Board's unpatentability decisions had not existed at the time of the rulings that were challenged on appeal, and we were not asked to rule on the effect of those intervening decisions. In these circumstances, ALE had a substantial argument when the case returned to the district court that any effect of the Board's decisions, in the respects ALE invoked them, was for the district court to decide, with consideration of the issue not foreclosed by our mandate. *See Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 18–19 (1976); *Engel Industries, Inc. v. Lockformer Co.*, 166 F.3d 1379, 1383 (Fed. Cir. 1999); *Prism Technologies LLC v. Sprint Spectrum L.P.*, 757 F. App'x 980, 982–83 (Fed. Cir. 2019).

We reiterate that we do not decide whether ALE is correct on the merits of the just-discussed contentions. We decide only that this case remains pending and that its pending status is not the result of an abuse of the judicial process in the form of presentation of insubstantial arguments. As a result, the now-affirmed unpatentability

determinations by the Board as to all claims at issue must be given effect in this case.  Accordingly, the motion to terminate the appeal is denied, the final judgment and award of costs are vacated, and the case is remanded to the district court for dismissal.

Each party shall bear its own costs.

**VACATED & REMANDED FOR DISMISSAL**