NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————

**In re:  INTEL CORPORATION,**
*Petitioner*

———————————

2021-168

———————————

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00634-ADA, Judge Alan D. Albright.

-------------------------------------------------------------------------------------

**In re:  SAMSUNG ELECTRONICS CO., LTD., a Korean Company, SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, LLC,**
*Petitioners*

———————————

2021-169

———————————

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00636-ADA, Judge Alan D. Albright.

———————————

**ON PETITION AND MOTION**

———————————

Before LOURIE, BRYSON, and TARANTO, *Circuit Judges.*

PER CURIAM.

## O R D E R

Intel Corporation and Samsung Electronics Co., Ltd. et al. (Samsung) each petition this court for a writ of mandamus directing the United States District Court for the Western District of Texas to transfer these related cases to the United States District Court for the Northern District of California. Demaray LLC opposes and moves for leave to file a sur-reply.

Demaray has sued both Intel and Samsung in the Western District of Texas for infringement of two patents directed to the configuration and use of semiconductor fabrication reactors. Although Intel and Samsung have been sued separately, they are closely aligned in these cases because the reactors that form the basis of Demaray's infringement allegations are supplied to Intel and Samsung by Applied Materials, Inc. Applied is headquartered in the Northern District of California but has a large manufacturing facility in Austin, Texas, in the Western District of Texas. Austin is also the location of Samsung's domestic semiconductor fabrication facilities that are accused of infringement. Although Intel has identified employees knowledgeable about its account with Applied and relevant financial information in the Northern District of California, it appears that Intel's fabrication operations and employees knowledgeable about the research and development of the accused reactor configurations are outside both the Northern District of California and the Western District of Texas.

Demaray filed these actions in the Western District of Texas on July 14, 2020. A month later, Applied filed an action in the Northern District of California seeking a declaratory judgment of non-infringement of the same two patents that Demaray had asserted against Samsung and

Intel.  Applied moved the California court to enjoin the two suits against its customers.  The California court denied that motion and dismissed Allied's declaratory judgment action.*  In October 2020, Applied filed a petition with the Patent and Trademark Office seeking *inter partes* review of the patents.  In that petition, Allied named Intel and Samsung as real parties in interest.  On May 11, 2021, the Patent Office granted the petitions and instituted review.  Those proceedings are ongoing before the Patent Office.

In November 2020, Samsung and Intel moved the district court in the Western District of Texas to transfer these cases to the Northern District of California. On July 1, 2021, the court denied those motions.  In two separate orders, the court ruled that neither Samsung nor Intel had established that the Northern District of California was a clearly more convenient forum than the Western District of Texas, the plaintiff's chosen forum.

In the Samsung case, the district court recognized that some Samsung and Applied employees and two inventors are located in the Northern District of California.  Nonetheless, the court regarded the convenience-of-the-witnesses factor as neutral.  The court observed that Samsung employees in Austin "are knowledgeable about the allegedly infringing process and are qualified to testify about those processes at trial." App. 9.  In addition, the court found that "Applied's Austin manufacturing personnel are involved with Samsung's accused use of the claimed reactor configurations and Applied's Austin office provided support staff for the Samsung relationship." App. 8–9.  Furthermore, the court pointed out that other witnesses, including Samsung employees and inventors, would be coming from outside both districts.

---

* Applied subsequently filed another declaratory judgment action in California, which is still pending.

The district court also found that the compulsory-process factor was neutral. The court pointed out that Applied had indemnity obligations to the defendants and could be counted on to appear. The court also found that neither venue had an advantage with regard to sources of proof because the accused reactors and relevant documents of Samsung and Applied were in and/or accessible from the Western District of Texas. The court added that the Western District of Texas had a slight advantage with regard to the local interest factor, given that Samsung's only domestic fabrication facilities were in Austin. The court additionally speculated that if Samsung's case were transferred to California, the California district court would likely stay the litigation pending completion of the *inter partes* reviews, which would delay the trial.

Having concluded that Demaray's suit against Samsung should remain in the Western District of Texas, the district court then turned to Intel's motion. The court found that judicial economy considerations weighed against transfer of the case against Intel. The court observed that the two cases had been coordinated for all pretrial proceedings and found that having the two cases decided by two different district courts would be inefficient, given that they involve the same patents and the same underlying technology. The court additionally found that it could likely resolve the Intel case faster than the California court. The district court was also not persuaded that the private interest factors favored transfer in light of the presence of Applied's employees and evidence in the Western District of Texas. The court accordingly also denied Intel's motion.

The standard for mandamus relief is demanding. A petitioner must establish, among other things, that it has a clear and indisputable legal right to relief. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 381 (2004) (citation omitted). We have recognized that district courts enjoy "broad discretion in transfer decisions pursuant to 28 U.S.C.

§ 1404(a)." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1344 (Fed. Cir. 2010). On mandamus, we review only for "clear abuses of discretion that produce patently erroneous results." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc). We cannot say that standard is met here.

To be sure, the district court erred in weighing against transfer the likelihood that the California court would stay proceedings pending the Patent Office's review. The Fifth Circuit has held that only "in rare and special circumstances" would "delay" or "prejudice" resulting from transfer be "relevant in deciding" a motion. *In re Horseshoe Ent.*, 337 F.3d 429, 434 (5th Cir. 2003) (internal quotation marks omitted). The possibility of a stay pending the Patent Office's review after transfer falls far short of satisfying that standard.

Moreover, the district court should not have regarded the possibility that the transferee court would issue a stay pending *inter partes* review as weighing against transfer. The *inter partes* review process, like other post-issuance review proceedings, was designed to give the agency an opportunity to correct its mistakes, to give courts the benefit of the agency's consideration of the effect of prior art on patents being asserted in litigation, and to reduce the burden of litigation on the parties and the courts. *See Murata Mach. USA v. Daifuku Corp.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016); *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058, 2015 WL 1069111, at *2, 4–5 (E.D. Tex. Mar. 11, 2015); *see also Virtual Agility Inc. v. SalesForce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014); *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985); *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("One purpose of the reexamination procedure is to eliminate trial of that issue . . . or facilitate trial of that issue by providing the district court with the expert view of the PTO . . . ."). For that reason, the willingness of a court in the transferee forum to consider granting stays pending *inter partes* review (and

the disposition of the transferor court not to grant such stays) is not a justification for denying transfer.

Nonetheless, Intel and Samsung have not shown a clear and indisputable right to transfer. Mindful of the standard of review, we are not prepared to second-guess the district court's findings that Samsung's and Applied's operations within the Western District of Texas are likely to be important sources of evidence and witnesses in Samsung's case. The district court also reasonably found that keeping the cases against Samsung and Intel before one court would preserve judicial economy and minimize the potential for inconsistent judgments. And we cannot say that Intel has shown that the transferee venue is so clearly more convenient as to override those benefits in its case. The petitioners make much of Applied's pending declaration judgment suit in the Northern District of California, but that suit was filed after these complaints, and we see no clear error in the district court's assessment of the pendency of that case based on the information available at the time of its decision on the transfer motions.

Accordingly,

IT IS ORDERED THAT:

(1) The petitions are denied.

(2) The motion to file a sur-reply is denied.

FOR THE COURT

September 27, 2021          /s/ Peter R. Marksteiner
        Date               Peter R. Marksteiner
                           Clerk of Court

s31