NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re AYLO HOLDINGS S.A R.L., fka MindGeek S.a r.l., AYLO FREESITES LTD, fka MG Freesites Ltd., AYLO PREMIUM LTD., fka MG Premium Ltd., 9219-1568 QUEBEC INC.,**

*Petitioners*

---

2026-103

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 2:23-cv-00483-JRG-RSP, Judge J. Rodney Gilstrap.

---

## ON PETITION

---

Before DYK, LINN, and CUNNINGHAM, *Circuit Judges.*

LINN, *Circuit Judge.*

## O R D E R

On October 17, 2025, the United States District Court for the Eastern District of Texas denied Aylo Holdings S.à r.l. et al. (collectively, Aylo)'s third request to stay this litigation pending certain proceedings before the United States Patent and Trademark Office.  Now, with the trial only weeks away, Aylo petitions for a writ of mandamus directing the district court to stay the case pending

conclusion of an *ex parte* reexamination proceeding. WellcomeMat LLC opposes.

WellcomeMat brought this suit in October 2023, alleging Aylo infringes certain claims of U.S. Patent No. 8,307,286. Trial is currently scheduled to begin on November 17, 2025. WellcomeMat had asserted claims 13–15 and 17–20 of the patent earlier in the litigation, but after *inter partes* review (IPR) proceedings resulted in an August 2025 final written decision concluding that those claims are unpatentable, WellcomeMat now only asserts infringement of claims 21–28. Those claims are the subject of an ongoing *ex parte* reexamination (EPR).

Before the stay request at issue in this petition, Aylo had filed two prior motions to stay—first, in April 2024, after it petitioned for IPRs, and then again in May 2025, after IPR was instituted but before the final written decision and after an initial office action rejecting the claims in the EPR. The assigned magistrate judge denied those motions in February and August 2025 respectively, noting that the PTO had not yet issued a final written decision and concluding that the "EPR proceedings have a remote chance of simplifying the case." Appx118. Aylo did not seek further review.

After the Board's final written decision in the IPRs and after the examiner in the EPR issued a final rejection of claims 21–28, WellcomeMat filed its third stay motion. On October 1, 2025, the magistrate judge issued an order denying that request. The magistrate judge considered the traditional factors used to analyze stay motions. *See Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016). The magistrate judge acknowledged the rejection in the EPR. He noted, however, that those "proceeding[s] remain[] ongoing" and "do not have statutory deadlines," and cited a statistic that "only about 14% of such proceedings result in cancellation of all challenged claims." Appx01–02. Over Aylo's objections, the district court adopted the

magistrate judge's reasoning and denied a stay on October 17, 2025.

Mandamus is "reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citation omitted). Under the well-established standard for obtaining relief by way of mandamus, the petitioner must: (1) show that it has a clear and indisputable legal right; (2) show it does not have any other adequate avenue of obtaining relief; and (3) convince the court that the "writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (citation omitted). Aylo has not made that showing.

District courts, as this court has made clear, have considerable discretion in deciding whether to stay litigation pending reexamination proceedings. *See Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 602–03 (Fed. Cir. 1985). Aylo asserts that the district court should have given more weight to the possibility that a stay pending completion of the EPR proceedings could render unnecessary or at least streamline any invalidity portion of the litigation. But after considering the relevant factors and record before him, the magistrate judge concluded that a stay would not be the most efficient way to resolve the litigation. Given (1) the proximity to the trial date and the substantial investment of resources by the court and the parties and (2) the fact that the EPR proceedings are only final at the examiner level, we are not prepared to disturb that finding on limited mandamus review under the circumstances presented in this case.[1]

---

[1]    Aylo takes issue with statements made in the magistrate judge's February and August orders, but Aylo did not timely object to those decisions. *See* Fed. R. Civ. P.

4                                                IN RE AYLO HOLDINGS S.A R.L.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

November 3, 2025
Date

---

72(a) ("A party may not assign as error a defect in the [magistrate judge's] order not timely objected to.").