# United States Court of Appeals
## For the First Circuit

Nos. 20-1641
     20-1692

AMERICAN INSTITUTE FOR FOREIGN STUDY, INC., d/b/a Au Pair in
America; WILLIAM L. GERTZ,

Plaintiffs, Appellees/Cross-Appellants,

v.

LAURA FERNANDEZ-JIMENEZ,

Defendant, Appellant/Cross-Appellee.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Lynch and Kayatta, Circuit Judges,
and Laplante,* District Judge.

Nicholas J. Rosenberg, with whom Gardner & Rosenberg P.C. was
on brief, for appellant/cross-appellee.
Robert M. Tucker, with whom Patrick M. Curran, Jr., Stephen
J. Macri, and Ogletree, Deakins, Nash, Smoak & Stewart, P.C. were
on brief, for appellee/cross-appellant.

July 9, 2021

---

* Of the District of New Hampshire, sitting by designation.

**LYNCH**, **Circuit Judge**.  The American Institute for Foreign Study, Inc. (the "Institute") places au pairs with host families in the United States.  In 2018, it entered a contract (the "Agreement") with Laura Fernandez-Jimenez, an au pair from Spain, which required the parties to arbitrate their disputes and waived their rights to other forms of dispute resolution.

After Fernandez-Jimenez filed a class arbitration demand against the Institute and its CEO William L. Gertz, they filed suit in federal district court seeking to enjoin class arbitration. The district court granted a preliminary injunction to the Institute and denied relief to Gertz. Am. Inst. for Foreign Study, Inc. v. Fernandez-Jimenez, 468 F. Supp. 3d 414, 425-26 (D. Mass. 2020).

Because the Agreement does not authorize class arbitration and because Gertz's claim is moot, we affirm.

I.

The Agreement between Fernandez-Jimenez and the Institute sets forth two provisions pertinent to this dispute. The first requires the parties to the Agreement to arbitrate their disputes: "I agree that any dispute with or claim against [the Institute] . . . will be exclusively resolved by binding arbitration, to be conducted in substantial accordance with the commercial arbitration rules of the American Arbitration Association [("AAA")]."  The second waives the right to bring

"claims, either in an individual capacity or as a member of any class action, by any means and in any forum other than arbitration conducted by the [AAA]." Together, as the parties now agree, the provisions require Fernandez-Jimenez to submit any individual claims to arbitration. Gertz is not a party to the Agreement.

## II.

We review the district court's conclusions of law de novo, its factual findings for clear error, and its ultimate decision to grant or deny a preliminary injunction for abuse of discretion. Bayley's Campground, Inc. v. Mills, 985 F.3d 153, 158 (1st Cir. 2021).

## A.

Arbitrators may resolve disputes only to the extent and under the rules agreed on by the parties. See Lamps Plus, Inc. v. Varela, 139 S. Ct. 1407, 1416 (2019). Thus, in interpreting an arbitration agreement, our task is to "give effect to the intent of the parties."[1] Id. (quoting Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp., 559 U.S. 662, 684 (2010)). In so doing, we must presume that the parties have not agreed to class arbitration

---

[1] Fernandez-Jimenez has doubly waived any argument that the arbitrator should determine whether the Agreement permits class arbitration by failing to raise the argument in her opening brief on appeal or to the district court. See Bekele v. Lyft, Inc., 918 F.3d 181, 186-87 (1st Cir. 2019); cf. Bossé v. N.Y. Life Ins. Co., 992 F.3d 20, 27-31 (1st Cir. 2021). Indeed, she agreed that the district court should decide the arbitrability of the action.

without "an affirmative 'contractual basis for concluding'" otherwise. Id. (quoting Stolt-Nielsen, 559 U.S. at 684). Neither silence nor ambiguity satisfies that standard. Id. at 1417; Stolt-Nielsen, 559 U.S. at 687.

The Agreement does not provide an affirmative basis to conclude that the parties agreed to class arbitration. The arbitration clause is silent about class arbitration. And the waiver clause only mentions class actions in precluding the parties from litigating as a class. Fernandez-Jimenez points out that the waiver clause waives "only" the right to litigate a class claim in court. Hence, she reasons by negative inference that it was intended to preserve a right excluded from that waiver -- the right to arbitrate a class action. But that reasoning entirely begs the question: Did she have a right to arbitrate as a class, which right might then be preserved by exclusion from the waiver clause? And as to that question, Fernandez-Jimenez is back to square one: She can point to no "affirmative 'contractual basis for concluding'" that the parties agreed to arbitrate class claims. Lamps Plus, 139 S. Ct. at 1407 (quoting Stolt-Nielssen, 559 U.S. at 684).[2]

---

[2]    Fernandez-Jimenez argues in her reply brief that in substantially adopting the AAA's commercial rules, the Agreement implicitly authorized class arbitration under the AAA's supplementary rules for class arbitration. By not raising that argument in her opening brief, she waived it. United States v. Mayendía-Blanco, 905 F.3d 26, 32 (1st Cir. 2018).

As Fernandez-Jimenez cannot prevail on the merits, the district court did not err in granting a preliminary injunction to the Institute.  See Comcast of Me./N.H., Inc. v. Mills, 988 F.3d 607, 612, 617 (1st Cir. 2021).

## B.

As to Gertz's claim, after this litigation began, Gertz agreed to resolve any disputes with Fernandez-Jimenez through arbitration.  Gertz and Fernandez-Jimenez also agreed that she would be able to arbitrate against him on a class or collective basis only if she prevailed in her appeal against the Institute. Because of that agreement, we would be unable to grant Gertz any relief even if we ruled in his favor.  Thus, his claim is moot. See Town of Portsmouth v. Lewis, 813 F.3d 54, 58-59 (1st Cir. 2016).

## III.

The decision of the district court is affirmed.  No costs awarded.  See Fed. R. App. P. 39(a).