# United States Court of Appeals
## For the First Circuit

No. 21-1909

TOGETHER EMPLOYEES, by individual representatives; ROBERTA
LANCIONE; JOYCE MILLER; MARIA DIFRONZO; MICHAEL SACCOCCIO;
NATASHA DICICCO; NICHOLAS ARNO; RUBEN ALMEIDA,

Plaintiffs, Appellants,

ELIZABETH BIGGER,

Plaintiff,

v.

MASS GENERAL BRIGHAM INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. F. Dennis Saylor, IV, U.S. District Judge]

Before

Lynch, Howard, and Kayatta,
Circuit Judges.

Ryan McLane, Lauren Bradford, and McLane & McLane, LLC on
brief for appellants.
Dawn Reddy Solowey, Katherine E. Perrelli, Lynn A. Kappelman,
Kristin McGurn, and Seyfarth Shaw LLP on brief for appellee.

April 27, 2022

**LYNCH**, **Circuit Judge**. In November 2021, the district court denied a preliminary injunction, which had been sought by appellants, then employees of Mass General Brigham, Inc. (MGB), to stop their employer's application of its mandatory COVID-19 vaccination policy to them. Together Employees v. Mass General Brigham, Inc., ("Together Employees I"), No. CV 21-11686-FDS, 2021 WL 5234394 (D. Mass. Nov. 10, 2021). The appellants noticed an appeal and also sought emergency injunctive relief from this court. We held, in a published decision, that they had not met the requirements for an injunction pending appeal. Together Employees v. Mass General Brigham, Inc., ("Together Employees II"), 19 F.4th 1, 7-8 (1st Cir. 2021). The appellants then sought emergency relief from the Supreme Court, which denied their application for writ of injunction pending appeal. Together Employees v. Mass General Brigham, Inc., No. 21A175 (U.S. Nov. 29, 2021) (Breyer, J., in chambers).

The merits of their appeal from the district court's denial of a preliminary injunction are now before us.

We assume familiarity with the background to this case, as set forth in Together Employees II, see 19 F.4th at 2-7, so we recount the facts and procedural history here only very briefly.

> MGB operates fourteen hospitals and many other medical facilities across Massachusetts, including Massachusetts General Hospital and Brigham and Women's Hospital. It employs approximately 6,500 physicians, 9,100 nurses,

as well as another 78,000 individuals and treats approximately 1.5 million patients each year. In June 2021, MGB decided to require all of its employees to be vaccinated against COVID-19 unless they qualify for a medical or religious exemption. MGB required employees to receive their first doses or exemptions by October 15, 2021.

The appellants, eight MGB employees, each sought individual religious exemptions, which MGB denied. Some also sought individual medical exemptions, which MGB denied as well. When the employees still refused to get vaccinated, MGB placed them on unpaid leave. The appellants sued MGB under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA), arguing that MGB acted unlawfully when it denied their individual exemption requests. The district court orally denied a motion for a preliminary injunction, which would have required the reinstatement of the appellants from unpaid leave status. After the vaccination deadline MGB imposed had passed, one appellant resigned, another got vaccinated, and the remaining six had their employment terminated.

Together Employees II, 19 F.4th at 2-3 (footnote omitted).

The district court denied appellants the preliminary injunction they sought. Appellants timely appealed. Appellants asked for an injunction pending appeal, which we refused, holding that they had not demonstrated irreparable harm.[1] Id. at 7-8.

---

[1] The appellants' brief provides us with no information on the present status of ongoing litigation in the district court other than that Elizabeth Bigger is no longer a party. We also note that Together Employees, the association representing the plaintiffs, has voluntarily dismissed its claims.

- 4 -

The standard of review for denial of a preliminary injunction is well-established. "We review the district court's factual findings for clear error, its legal conclusions de novo, and its ultimate decision to deny the preliminary injunction for abuse of discretion." Does 1-6 v. Mills, 16 F.4th 20, 29 (1st Cir. 2021).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The first two factors are the most important. Cf. Nken v. Holder, 556 U.S. 418, 434 (2009).

Here, the second is dispositive. As we explained in Together Employees II:

> A preliminary injunction preserves the court's ability to grant final relief. See 11A C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure § 2948.1 (3d ed. Apr. 2021 update). We require a showing of irreparable harm before granting a preliminary injunction since that harm would "impair the court's ability to grant an effective remedy" following a decision on the merits. See id. Because adequate legal remedies foreclose injunctive relief, the appellants cannot demonstrate irreparable harm without showing that they have inadequate remedies at law. See [Mills, 16 F.4th at 36] (citing

> Ruckelshaus v. Monsanto Co., 467 U.S. 986,
> 1019 (1984)).

19 F.4th at 7-8. Here, as in Together Employees II, appellants have not made make that showing. Indeed, despite our holding in Together Employees II, appellants made virtually no effort to show irreparable harm.[2] Instead, they largely repeated their prior unsuccessful arguments.

It is black-letter law that "money damages ordinarily provide an appropriate remedy" for unlawful termination of employment. Mills, 16 F.4th at 36. "[I]nsufficiency of savings or difficulties in immediately obtaining other employment -- external factors common to most discharged employees and not attributable to any unusual actions relating to the discharge itself -- will not support a finding of irreparable injury, however severely they may affect a particular individual." Sampson v. Murray, 415 U.S. 61, 92 n.68 (1974). "That rule governs both the Title VII and ADA claims because they both arise from the termination of employment." Together Employees II, 19 F.4th at 8. Indeed, the law has only been reinforced since our prior decision. See, e.g., O'Hailpin v. Hawaiian Airlines, Inc., No. 22-cv-00007-JAO-KJM, 2022 WL 314155, at *5-6 (D. Haw. Feb. 2, 2022), appeal docketed, No. 22-15215 (9th Cir. Feb. 14, 2022); Anderson v. United

---

[2] Appellants also did not request oral argument, see Fed. R. App. P. 34(a)(1); 1st Cir. R. 34.0(a), or file a reply brief.

Airlines, Inc., No. 3:21-cv-1050-TJC-LLL, 2021 WL 6337144, at *7-8 (M.D. Fla. Dec. 30, 2021), appeal docketed, No. 22-10254 (11th Cir. Jan. 24, 2022).[3]

Appellants assert as irreparable harms loss of income, loss of benefits, emotional distress, and chilled religious exercise. The first two harms are "external factors common to most discharged employees." See Sampson, 415 U.S. at 92 n.68. Deprivation of income (both in the form of wages and of benefits) is a quintessential pocketbook injury, which money damages can remedy. Appellants attempt to classify their injuries as irreparable by reframing the harm they suffer as the loss of things they can no longer afford. But artful pleading cannot not transform ordinary harm into the basis for an injunction. Further, "the fact that an employee may be psychologically troubled by an adverse job action does not usually constitute irreparable injury warranting injunctive relief." DeNovellis v. Shalala, 135 F.3d 58, 64 (1st Cir. 1998).[4] "Money damages would adequately resolve

---

[3] We acknowledge that the Fifth Circuit reached the opposite result in an unpublished decision, but it expressly distinguished Together Employees II and the decision is non-precedential. See Sambrano v. United Airlines, Inc., No. 21-11159, 2022 WL 486610, at *8-9, 9 n.15 (5th Cir. Feb. 17, 2022).

[4] Appellants try to distinguish DeNovellis, arguing that they face more severe emotional harms. But the severity of the harm is not the relevant criteria. See Sampson, 415 U.S. at 92 n.68 ("[E]xternal factors common to most discharged employees and not attributable to any unusual actions relating to the discharge itself[] will not support a finding of irreparable injury, however severely they may affect a particular individual.").

all of the alleged harms." Together Employees II, 19 F.4th at 8. "Moreover, as the deadline for being vaccinated has passed, the appellants cannot point to an 'impossible choice' as a special factor here; they have already made their choices." Id.

Appellants also assert that their alleged injuries are of constitutional magnitude because any chilling of their free exercise rights constitutes irreparable harm. But MGB is not a state actor and is not bound by the Free Exercise Clause. MGB is, of course, bound by Title VII. Here, however the "[appellants] are not required to perform or abstain from any action that violates their religious beliefs." Kane v. De Blasio, 19 F.4th 152, 172 (2d Cir. 2021). MGB is not requiring appellants to be vaccinated involuntarily. Instead, "[b]ecause [appellants] have refused to get vaccinated, they [have been fired]. The resulting loss of income undoubtedly harms [them], but that harm is not irreparable." Id.

We affirm the district court's denial of the appellants' motion for a preliminary injunction.