# United States Court of Appeals for the Federal Circuit

---

**KONINKLIJKE PHILIPS N.V.,**
*Plaintiff-Counter Defendant-Appellee*

**PHILIPS RS NORTH AMERICA LLC,**
*Counter Defendant-Appellee*

**v.**

**THALES DIS AIS USA LLC, FKA GEMALTO IOT LLC, FKA CINTERION WIRELESS MODULES NAFTA LLC,**
*Defendant-Counter Claimant*

**THALES USA, INC., THALES S.A., CALAMP CORP., XIRGO TECHNOLOGIES, LLC, LAIRD CONNECTIVITY, INC.,**
*Defendants*

**THALES DIS AIS DEUTSCHLAND GMBH, FKA GEMALTO M2M GMBH,**
*Defendant-Counter Claimant-Appellant*

---

2021-2106

---

Appeal from the United States District Court for the District of Delaware in No. 1:20-cv-01713-CFC, Chief Judge Colm F. Connolly.

---

Decided:  July 13, 2022

————————————

ELEY THOMPSON, Foley & Lardner LLP, Chicago, IL, argued for plaintiff-counter defendant-appellee and counter defendant-appellee.  Also represented by KEVIN M. LITTMAN, LUCAS I. SILVA, Boston, MA.

PAUL ZEINEDDIN, Axinn Veltrop & Harkrider LLP, Washington, DC, argued for defendant-counterclaimant-appellant.  Also represented by MICHAEL L. KEELEY; THOMAS K. HEDEMANN, Hartford, CT; ERIC ALAN KRAUSE, JEANNINE YOO SANO, San Francisco, CA.

MARK D. SELWYN, Wilmer Cutler Pickering Hale and Dorr LLP, Palo Alto, CA, for amicus curiae ACT | The App Association.  Also represented by MARK CHRISTOPHER FLEMING, TIMOTHY D. SYRETT, Boston, MA.

JOHN ARPIO JURATA, JR., Orrick, Herrington & Sutcliffe LLP, Washington, DC, for amicus curiae American Honda Motor Co., Inc.

DAVID W. LONG, Essential Patent LLC, Oak Hill, VA, for amici curiae Lars Gustav Brismark, Stefan H. Geyersberger, Rudolf J. Peters, Raymond J. Warren, Heinrich Dirk Weiler.

MATTHEW HOLDER, Sheppard Mullin Richter & Hampton LLP, San Diego, CA, for amici curiae Continental Automotive Systems, Inc., u-blox America, Inc.  Also represented by MARTIN BADER, STEPHEN S. KORNICZKY.

ERIC F. CITRON, Goldstein & Russell, P.C., Bethesda, MD, for amicus curiae Qualcomm Incorporated.

————————————

Before MOORE, *Chief Judge*, DYK and CHEN, *Circuit Judges*.

MOORE, *Chief Judge*.

Thales DIS AIS Deutschland GMBH (Thales) appeals the United States District Court for the District of Delaware's denial of its motion for a preliminary injunction enjoining Koninklijke Philips N.V. (Philips) from seeking an exclusion order from the International Trade Commission (ITC). We affirm.

## BACKGROUND

Philips and Thales design and manufacture telecommunications equipment and related technologies, including those related to various generations of wireless networks. Philips and Thales have been engaged in negotiations over what Philips asserts are standard essential patents (SEPs) that Thales has implemented according to European Telecommunications Standards Institute (ETSI) specifications. After negotiations did not yield an agreed-upon fair, reasonable, and nondiscriminatory (FRAND) license for the SEPs, Philips filed an infringement and declaratory action against Thales in the District of Delaware and an ITC action seeking an exclusion order. Thales filed a breach of contract counterclaim and declaratory counterclaim for a FRAND rate determination, and it moved for a preliminary injunction barring Philips from pursuing its ITC action. The district court denied Thales' motion. Thales appeals. We have jurisdiction under 28 U.S.C. § 1292 (a)(1), (c)(1).

## DISCUSSION

### I

We review the grant or denial of a preliminary injunction under the law of the regional circuit, in this case the Third Circuit, except for "considerations specific to patent issues," which we review under our own body of law.

*Metalcraft of Mayville, Inc. v. The Toro Co.*, 848 F.3d 1358, 1363 (Fed. Cir. 2017). We and the Third Circuit review the denial of a preliminary injunction for abuse of discretion. *Id.*; *Miller v. Mitchell*, 598 F.3d 139, 145 (3d Cir. 2010). "An abuse of discretion may be established by showing that the court made a clear error of judgment in weighing relevant factors or exercised its discretion based upon an error of law or clearly erroneous factual findings." *Novo Nordisk of N. Am., Inc. v. Genentech, Inc.*, 77 F.3d 1364, 1367 (Fed. Cir. 1996).

A decision to grant or deny a motion for a preliminary injunction is within the discretion of the district court. *Id.* To obtain a preliminary injunction, a party must establish "that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Luminara Worldwide, LLC v. Liown Elecs. Co.*, 814 F.3d 1343, 1352 (Fed. Cir. 2016) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

II

Thales argues that the district court erred in concluding that Thales failed to show it is likely to suffer irreparable harm from Philips' ITC action. We disagree.

A party seeking a preliminary injunction must establish that it is *likely* to suffer irreparable harm without an injunction. *Winter*, 555 U.S. at 22. The mere possibility or speculation of harm is insufficient. *Id.* (rejecting the Ninth Circuit's possibility standard as "too lenient"). Evidence of speculative harms, such as customers merely expressing concern that a potential future ITC exclusion order could affect Thales' ability to deliver products down the road, is insufficient to show a *likelihood* of irreparable harm. *See Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 219 (Fed. Cir. 2014) (holding that declaration asserting that physicians "would be less likely" to prescribe

movant's products was too speculative to establish irreparable harm); *Takeda Pharms. U.S.A., Inc. v. Mylan Pharms. Inc.*, 967 F.3d 1339, 1349 & n.8 (Fed. Cir. 2020) (affirming district court's determination that appellant had not shown a likelihood of irreparable harm where plaintiff presented bare assertions that infringing product would result in price erosion and loss of market share, as well as an email indicating that one customer had left).

The district court did not clearly err in determining that Thales' evidence of harm was conclusory and that it failed to meet its burden of establishing likely irreparable harm. Thales did not present any evidence that it lost customers, had customers delay purchases, or struggled to acquire new business because of the ongoing ITC proceedings. Oral Arg. at 3:24–3:52.[1] Instead, it presented affidavits stating only that the threat of an ITC exclusion order caused several customers to "voice concerns" and express doubt regarding Thales' ability to deliver products. J.A. 857–59, 861–66. And during oral argument, it characterized its alleged harm as living under the "cloud on the business" of a potential exclusion order and the potential loss of business that may occur if it loses at the ITC. Oral Arg. at 15:22–15:31. This type of speculative harm does not justify the rare and extraordinary relief of a preliminary injunction. *See Takeda Pharms*, 967 F.3d at 1349 & n.8; *cf. Celsis In Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012) (affirming district court's determination of irreparable harm where movant demonstrated change in pricing behavior and supported testimony with specific financial records). Based on the record, the district court did not clearly err in finding that there was no evidence of likely irreparable harm and thus did not abuse its

---

[1]    *Available at* https://oralarguments.cafc.uscourts. gov/default.aspx?fl=21-2106_06072022.mp3.

6              KONINKLIJKE PHILIPS N.V. v. THALES USA, INC.

discretion in holding that Thales was not entitled to a preliminary injunction.

## CONCLUSION

For the reasons discussed above, we hold that the district court did not abuse its discretion in denying Thales' motion for a preliminary injunction.

## **AFFIRMED**

### Costs

Thales shall bear costs.