# United States Court of Appeals for the Federal Circuit

---

**SOCLEAN, INC.,**
*Plaintiff-Appellee*

**v.**

**SUNSET HEALTHCARE SOLUTIONS, INC.,**
*Defendant-Appellant*

---

2021-2311

---

Appeal from the United States District Court for the District of Massachusetts in No. 1:20-cv-10351-IT, Judge Indira Talwani.

---

Decided: November 9, 2022

---

BRENDAN COX, Laredo & Smith, LLP, Boston, MA, argued for plaintiff-appellee. Also represented by PAYAL SALSBURG.

JOHN LABBE, Marshall, Gerstein & Borun LLP, Chicago, IL, argued for defendant-appellant. Also represented by MARK HARRY IZRAELEWICZ, TIFFANY D. GEHRKE.

---

Before NEWMAN, LOURIE, and PROST, *Circuit Judges.*

PROST, *Circuit Judge*.

Sunset Healthcare Solutions, Inc. ("Sunset") appeals the U.S. District Court for the District of Massachusetts's order granting preliminary injunctive relief to SoClean, Inc. ("SoClean") requiring "Sunset to clearly associate its online marketing and sales . . . with the Sunset brand." *So-Clean, Inc. v. Sunset Healthcare Sols., Inc.*, 554 F. Supp. 3d 284, 308 (D. Mass. 2021).  We affirm.

BACKGROUND

This appeal is a small part of a larger intellectual-property dispute between SoClean, a medical-device company that produces sanitizing devices for Continuous Positive Airway Pressure ("CPAP") machines, and Sunset, one of its former distributors.  As relevant here, SoClean owns U.S. Trademark Registration No. 6,080,195 ("the '195 registration") for the configuration of replacement filters for its sanitizing devices:



U.S. Reg. No. 6,080,195

SoClean sued Sunset for patent infringement on February 20, 2020; it filed a second patent-infringement lawsuit about a year later; and, shortly thereafter, it amended the complaint in the second lawsuit to assert trademark-infringement claims based on, among others, the '195 registration. The district court consolidated the two cases at the parties' request.

On April 23, 2021, SoClean asked the district court to preliminarily enjoin Sunset from using, selling, offering for sale, or making in the United States filters that SoClean alleged infringed the '195 registration. The district court granted the motion in part, concluding that SoClean was likely to succeed on the merits and, accordingly, was entitled to a presumption of irreparable harm. *SoClean*, 554 F. Supp. 3d at 306–07. Balancing the equities and weighing the public interest, the district court concluded that SoClean's request to enjoin all sales of Sunset's filters would "go[] much further than necessary" to "end any possible statutory violation." *Id.* at 308. The district court instead crafted a narrow "injunction that prohibits Sunset from engaging in those practices that result in consumer confusion" and enjoined Sunset from marketing its filters "using images of the filter cartridge alone"; "[a]ny image, drawings, or other depictions of Sunset's filter cartridge used for the purposes of promotion, marketing and/or sales shall prominently display the Sunset brand name in a manner that leaves no reasonable confusion that what is being sold is a Sunset brand filter." *Id.*

Sunset appeals. We have jurisdiction under 28 U.S.C. §§ 1292(c)(1) and 1295(a)(1).

## DISCUSSION

We review a preliminary-injunction order under the law of the regional circuit. *Koninklijke Philips N.V. v. Thales DIS AIS USA LLC*, 39 F.4th 1377, 1379 (Fed. Cir. 2022). The First Circuit reviews preliminary-injunction decisions for abuse of discretion; it reviews underlying questions of

law de novo and questions of fact for clear error. *Am. Inst. for Foreign Study, Inc. v. Fernandez-Jimenez*, 6 F.4th 120, 122 (1st Cir. 2021).

A party seeking a preliminary injunction must establish (1) a likelihood of success on the merits of its claim; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in its favor; and (4) that the injunction is in the public interest. *Together Emps. v. Mass Gen. Brigham Inc.*, 32 F.4th 82, 85 (1st Cir. 2022) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).  "The first two factors are the most important." *Id.*

Sunset raises two challenges on appeal, both relating to the likelihood-of-success factor.  First, it argues that the district court abused its discretion when it concluded that SoClean was likely to defeat Sunset's defense that the '195 registration lacks secondary meaning.  Second, it contends that the district court erred in finding that the availability of alternative designs for the filter's head meant that SoClean was likely to defeat Sunset's functionality defense.  We address each in turn.

I

We begin with Sunset's secondary-meaning arguments.  Sunset contends that the district court (1) afforded too much weight to the presumption of validity and (2) held Sunset to a higher standard of proof than the applicable preponderance-of-the-evidence standard.  Neither contention has merit.

There is no dispute that SoClean's trade dress is a product-configuration trade dress, so it is only protectable "upon a showing of secondary meaning." *See Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 216 (2000).  But where, as here, the trade dress is federally registered, that registration "shall be prima facie evidence of the validity of the registered mark and of the registration of the mark."

15 U.S.C. § 1057(b); *see also id.* § 1115(a) ("Any registration . . . of a mark registered on the principal register provided by this chapter and owned by a party to an action . . . shall be prima facie evidence of the validity of the registered mark and of the registration of the mark."). When the mark has been registered for fewer than five years and remains contestable, as is the case for the '195 registration, "the effect of registration . . . is to shift the burden of proof from the plaintiff to the defendant, who must introduce sufficient evidence to rebut the presumption of the plaintiff's right to exclusive use." *Borinquen Biscuit Corp. v. M.V. Trading Corp.*, 443 F.3d 112, 117 (1st Cir. 2006) (cleaned up).

Though Sunset acknowledges that it bears the burden of showing that SoClean's registration lacks secondary meaning, it nonetheless argues that the district court should have "decide[d] whether the evidence that was before the [trademark] examiner, in view of Sunset's arguments and additional evidence, is sufficient to support SoClean's Section 2(f) registration." Appellant's Br. 23–24. The district court agreed that Sunset had "raise[d] questions as to whether the [e]xaminer followed PTO procedures in approving" the '195 registration.[1] *SoClean*, 554 F. Supp. 3d at 296. It nevertheless presumed that the registration was valid because "Sunset ha[d] pointed to no

---

[1] Namely, while evidence of five years' continuous use is prima facie evidence that a mark has acquired distinctiveness, 15 U.S.C. § 1052(f), the Trademark Manual of Examining Procedure ("TMEP") requires additional evidence for "nondistinctive product design" like SoClean's filter, *see* TMEP § 1212.05(a). As the district court noted, the trademark examiner "granted SoClean the benefit of th[e] statutory presumption and approved the [m]ark" without requiring additional evidence of secondary meaning. *SoClean*, 554 F. Supp. 3d at 296.

authority for the proposition that this court may simply ignore the statutory mandate." *Id.* Sunset contends that this was error because Congress vested courts with authority to review trademark registrations. Specifically, Sunset points to 15 U.S.C. § 1119, which states that "the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action."

Sunset's argument fails. The presumption of validity is not conditional; the statute provides that a certificate of registration "shall" result in the presumption, without specifying any exceptions. *See* 15 U.S.C. § 1057(b). Sunset fails to identify any statutory or legal basis to withhold the presumption from a registration. And "withholding the presumption" is the basic import of Sunset's position, no matter what it acknowledges about who bears the burden; scrutinizing the application process and deciding whether the trademark examiner was correct to issue the registration in the first place is the opposite of presuming that the registration as issued is valid. Sunset may still invoke § 1119 and ask the district court to rectify the register if SoClean's trade dress is deficient; Sunset simply bears the burden of proof in doing so, and SoClean is entitled to rely only on the presumption and need not present any evidence of its own. The district court did not, therefore, abuse its discretion when it declined to revisit the examiner's actions and alter the statutory presumption of validity.

Sunset's second argument—that the district court held it to a higher burden—fares no better. To be sure, the district court's opinion contains a misstatement: in discussing the consequence of the '195 registration's presumption of validity, it said that "the burden is on Sunset, not SoClean, to satisfy the 'vigorous evidentiary requirements,' either by direct or circumstantial evidence, to prove that the [m]ark has *not* obtained secondary meaning." *SoClean*, 554 F. Supp. 3d at 298 (emphasis removed). But there are no

"vigorous evidentiary requirements" on the challenger for proving lack of secondary meaning; a trademark challenger need simply show invalidity of the mark—here, that the '195 registration is merely descriptive—by a preponderance of the evidence. *See Borinquen*, 443 F.3d at 117–18. The "vigorous evidentiary requirements," as the district court noted, apply to "the question of whether a mark has *obtained* secondary meaning." *SoClean*, 554 F. Supp. 3d at 297 (emphasis added) (citing *Yankee Candle Co. v. Bridgewater Candle Co.*, 259 F.3d 25, 43 (1st Cir. 2001)). That burden is on the owner of a non-registered trade dress and so is inapplicable here. *See Yankee Candle Co.*, 259 F.3d at 43, 45. So, by implying that Sunset was required to meet "vigorous evidentiary requirements" to prove lack of secondary meaning, it appears that the district court may have applied an incorrect standard.

But the oft-repeated adage that "we review judgments, not opinions," applies here. *See, e.g.*, *Omega Pats., LLC v. CalAmp Corp.*, 13 F.4th 1361, 1369 (Fed. Cir. 2021). The district court went on to examine Sunset's evidence of no secondary meaning and found it "equivocal, at best." *SoClean*, 554 F. Supp. 3d at 298. Equivocal evidence plainly fails to satisfy a preponderance-of-the-evidence standard, so Sunset is wrong to suggest that the district court would have reached a different result had it applied the correct standard. The district court's misstatement of the applicable standard of proof is harmless error. *See Vanderbilt Univ. v. ICOS Corp.*, 601 F.3d 1297, 1308 (Fed. Cir. 2010) (finding harmless error where "[t]he district court's findings demonstrate that under the correct legal test, [appellant] did not carry its burden"); *Environ Prods. v. Furon Co.*, 215 F.3d 1261, 1266 (Fed. Cir. 2000) ("When the error as to the weight of proof could not have changed the result, the erroneous instruction is harmless.").

Accordingly, we affirm the district court's finding that SoClean is likely to defeat Sunset's secondary meaning defense.

II

We turn next to Sunset's assertion that the district court misapplied the law by considering the availability of alternative designs after finding that SoClean's trade dress is functional. Sunset contends that SoClean's trade dress design "is entirely utilitarian" and that the district court erred by giving weight to the fact that alternative ways of designing the filter head existed. Appellant's Br. 32, 37.

"[A] product feature is functional, and cannot serve as a trademark, if it is essential to the use or purpose of the article or if it affects the cost or quality of the article." *Traffix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 32 (2001) (cleaned up). This "doctrine prevents trademark law, which seeks to promote competition by protecting a firm's reputation, from instead inhibiting legitimate competition by allowing a producer to control a useful product feature." *Qualitex Co. v. Jacobson Prods. Co*, 514 U.S. 159, 164 (1995). "The fact that a product contains some functional elements does not, however, preclude Lanham Act protection." *I.P. Lund Trading ApS v. Kohler Co.*, 163 F.3d 27, 37 (1st Cir. 1998). A combination of functional features, where the combination itself is not functional, is protectable; "[t]he crucial inquiry is into the effect that granting protection will have on the opportunity of others to compete." *Id.*

Sunset argues that the district court, after concluding that SoClean's filter design is functional, erred in giving weight to the possibility that the filter's head could have different shapes. Appellant's Br. 37. That premise, however, is incorrect: the district court never concluded that the filter's design is functional. Rather, the district court said (1) that "direct evidence *strongly suggests* that the features of the body of" the mark are functional; (2) that "direct evidence *suggests* that *many*"—not all—"features of the head of the [m]ark are functional"; and (3), after a thoughtful discussion regarding a circuit split on the

question of whether the availability of alternative designs is relevant indirect evidence of nonfunctionality, that alternative designs SoClean had identified for the filter head "constitute evidence that there are some arbitrary elements to SoClean's filter that Sunset decided to copy where functionality has not otherwise been established." *SoClean*, 554 F. Supp. 3d at 299–302 (emphasis added). The takeaway for the district court was that the '195 registration "comprises both functional and non-functional features." *Id.* at 302. That, combined with the statutory presumption of validity, was enough for the district court to conclude that SoClean was likely to defeat Sunset's functionality challenge. *Id.*

Sunset is also wrong in its argument that the district court never should have considered alternative designs. Most circuits, including this court, have held that alternative designs are a relevant consideration in the functionality analysis. *See Valu Eng'g Inc. v. Rexnord Corp.*, 278 F.3d 1268, 1276 (Fed. Cir. 2002). The leading treatise on trademark law considers that the correct approach as well. *See* J. Thomas McCarthy, 1 McCarthy on Trademarks and Unfair Competition § 7.75 (5th ed. 2021). Indeed, Sunset does not appear to argue that this approach is incorrect, nor do we believe that the First Circuit would follow a different path because the majority view is consistent with that court's exhortation to focus the inquiry on "the effect that granting protection will have on the opportunity of others to compete." *I.P. Lund*, 163 F.3d at 37. Sunset argues only that the availability of alternative designs should not defeat a preexisting functionality finding, but as explained above, that is not what the district court concluded. The district court, therefore, did not incorrectly apply the law.

Further, while Sunset does not overtly try to relitigate the functionality question, it does briefly argue about the functionality of the filter's head. *See* Appellant's Br. 40–42. In doing so, however, it relies on the same evidence that the district court weighed and found insufficient, and

10        SOCLEAN, INC. v. SUNSET HEALTHCARE SOLUTIONS, INC.

Sunset does not identify any clearly erroneous findings or other abuse of discretion. Accordingly, we affirm the district court on the functionality issue as well.

Finally, the district court noted that, under the Trademark Modernization Act of 2020, SoClean is entitled to a rebuttable presumption of irreparable harm once the court has found that SoClean is entitled to a likelihood of success on the merits. Sunset did not attempt to rebut that presumption. As for factors three and four, the district court concluded that the balance of the equities and considerations of public interest weigh in SoClean's favor, and Sunset has likewise not challenged those findings on appeal. We also note the narrowness of the preliminary injunction. For all of these reasons, we affirm the district court's grant of the preliminary injunction.

## CONCLUSION

We have considered Sunset's remaining arguments and find them unpersuasive. We affirm the district court's preliminary-injunction order.

## **AFFIRMED**